UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
TRENISE McTYERE and LUCILLE CLARK, :
Individually and on Behalf of All Others :
Similarly Situated, :
: No. 1:21-CV-01133-LJV
Plaintiffs, :
:
v. :
:
APPLE INC., :
:
Defendant. :
---------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT APPLE INC.'S MOTION TO DISMISS THE COMPLAINT**

**Lippes Mathias LLP**

Carol E. Heckman
Caitlin E. O'Neil
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Tel.: (716) 853-5100
checkman@lippes.com
coneil@lippes.com

**DLA Piper LLP (US)**

Keara M. Gordon*
Rachael C. Kessler*
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
keara.gordon@us.dlapiper.com
rachael.kessler@us.dlapiper.com

Raj N. Shah**
Eric M. Roberts**
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel.: (312) 368-4000
raj.shah@us.dlapiper.com
eric.roberts@us.dlapiper.com

Isabelle L. Ord*
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel.: (415) 836-2500
isabelle.ord@us.dlapiper.com

*admitted *pro hac vice*
**to be admitted *pro hac vice*

*Counsel for Defendant Apple Inc.*

# **TABLE OF CONTENTS**

                                                                                   **Page**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ..................................................................................................................................2

I.      Nonmutual Offensive Collateral Estoppel Is Not Applicable...............................................2

          A.      There Was No Final Decision on the Merits in *Andino*............................................2

          B.      The Issues Raised Here Are Not Identical to *Andino*. ............................................3

II.     The Plaintiffs' GBL Claims Must Be Dismissed...................................................................4

          A.      Apple Did Not Make a Misrepresentation. ..............................................................4

                  1.       The Terms "Buy" and "Purchased" Are Truthful and Not Misleading........4

                  2.       The Terms Fully Disclose That Users Should Download
                           Digital Content........................................................................................7

          B.      The Plaintiffs Have Not Pled An Injury. .................................................................8

III.    The Plaintiffs' Unjust Enrichment Claim Must Be Dismissed..............................................9

          A.      The Unjust Enrichment Claim Is Inadequately Pled................................................9

          B.      The Unjust Enrichment Claim Is Duplicative........................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acquard v. Big Heart Pet Brands, Inc.*,
    2020 WL 12904361 (W.D.N.Y. Nov. 30, 2020) ....................................................................10

*Alce v. Wise Foods, Inc.*,
    2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) .......................................................................10

*Allen v. Antal*,
    2014 WL 2526913 (S.D.N.Y. June 3, 2014) ..........................................................................3

*Andino v. Apple, Inc.*,
    2021 WL 1549667 (E.D. Cal. Apr. 20, 2021)................................................................ *passim*

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................9

*Bifolck v. Philip Morris USA Inc.*,
    936 F.3d 74 (2d Cir. 2019) ......................................................................................................2

*Caudel v. Amazon.com, Inc.*,
    2021 WL 4819602 (E.D. Cal. Oct. 15, 2021) .........................................................................3

*Colella v. Atkins Nutritionals, Inc.*,
    348 F. Supp. 3d 120 (E.D.N.Y. 2018) ....................................................................................9

*Coty, Inc. v. L'Oreal S.A.*,
    320 F. App'x 5 (2d Cir. 2009) ...............................................................................................10

*Dimond v. Darden Rests., Inc.*,
    2014 WL 3377105 (S.D.N.Y. Jul. 9, 2014) ............................................................................7

*Faulkner v. Nat'l Geographic Enters. Inc.*,
    409 F.3d 26 (2d Cir. 2005) ......................................................................................................3

*Hendrix v. Pactiv LLC*,
    488 F. Supp. 3d 43 (W.D.N.Y. Sept. 21, 2020) .....................................................................7

*Izquierdo v. Mondelez Int'l, Inc.*,
    2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) .........................................................................9

*Jackson-Mau v. Walgreen Co.*,
    2019 WL 5653757 (E.D.N.Y. Oct. 31, 2019) .......................................................................10

*Kloppel v. Sears Holdings Corp.*,
   2018 WL 1089682 (W.D.N.Y. Feb. 28, 2018) ...................................................................10

*LG Capital Funding, LLC v. Active Health Foods, Inc.*,
   2018 WL 2057143 (E.D.N.Y. Mar. 6, 2018) ......................................................................10

*Lisa Coppola, LLC v. Higbee*,
   2020 WL 1154749 (W.D.N.Y. Mar. 10, 2020) .....................................................................4

*Makhnevich v. MTGLQ Investors, L.P.*,
   2020 WL 764158 (S.D.N.Y. Feb. 14, 2020) .........................................................................3

*Metal Cladding, Inc. v. Brassey*,
   159 A.D.2d 958 (4th Dep't 1990) ......................................................................................10

*Ott v. Barash*,
   109 A.D.2d 254 (1st Dep't 1985) ........................................................................................2

*Price v. Apple, Inc.*,
   2022 WL 1032472 (N.D. Cal. Apr. 6, 2022) ...................................................................8, 10

*Proctor v. LeClaire*,
   715 F.3d 402 (2d Cir. 2013) ................................................................................................3

*Remington Rand Corp. v. Amsterdam–Rotterdam Bank, N.V.*,
   68 F.3d 1478 (2d Cir. 1995) ................................................................................................2

*Republic Gear Co. v. Borg-Warner Corp.*,
   381 F.2d 551 (2d Cir. 1967) ................................................................................................2

*Sethi v. Narod*,
   12 F. Supp. 3d 505 (E.D.N.Y. 2014) ...................................................................................3

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
   2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ...................................................................10

*Tannenbaum v. Corbis Sygma*,
   2002 WL 31778813 (S.D.N.Y. Dec. 12, 2002) ....................................................................2

*Turk v. Rubbermaid Inc.*,
   2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ........................................................................9

*Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*,
   196 F. Supp. 2d 378 (S.D.N.Y. 2002) ................................................................................10

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998) ................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................................................9

Fed. R. Civ. P. 9(b) ...........................................................................................................................9

**PRELIMINARY STATEMENT**

The Opposition ignores a basic axiom: one "buys" what another "sells." Here, the plaintiffs clicked "Buy" and admit that Apple "sold" them Digital Content. (*See* Opposition ("Opp.") 2-5, 9-11, 18, 20.) The plaintiffs complain that "Apple cannot pass title to most Digital Content it sells unlike a Best Buy or Target that actually can and does" (*id.* at 20), but the plaintiffs ignore that those retailers do not "pass title" when they sell a DVD or CD. A customer buying a DVD or CD acquires the physical medium but not "true ownership" of the content, just as one acquires the right to use (watch or listen to) and download Digital Content. If the plaintiffs do not think the terms "Buy" or "Purchased" are misleading when used by retailers, the same should hold true for sellers of Digital Content. The plaintiffs' allegations boil down to a complaint that Digital Content is not formatted the same way as physical DVDs and CDs. But that is a truism—if the plaintiffs wanted their content purchases to be identical to those involving physical DVDs and CDs, they should have purchased DVDs and CDs, rather than Digital Content from the iTunes storefront. The plaintiffs have manufactured an issue where there is none.

In an attempt to sidestep the inadequacy of their claims, the plaintiffs argue that collateral estoppel requires this Court to deny Apple's Motion. The plaintiffs are wrong. They rely on *Andino v. Apple, Inc.*, 2021 WL 1549667, at *5 (E.D. Cal. Apr. 20, 2021) ("*Andino*"), where a California district court issued a non-final decision denying a motion to dismiss claims brought under the *California* Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act. But, case law establishes that an order denying a motion to dismiss is not a final decision on the merits, which alone precludes the application of collateral estoppel. Moreover, the claims here arise under New York law, on the theory that the plaintiffs overpaid for Digital Content because the plaintiffs allegedly received a "license" rather than "true ownership." (Opp. 18.) That is not the theory put forward in *Andino*. Because *Andino* was a non-final decision under a different

state's laws and different theories, collateral estoppel is precluded.

Further recognizing the paucity of their claims, the plaintiffs use their Opposition to try to interject many new "facts" not alleged in the Complaint. But they cannot amend the Complaint through their Opposition. With or without those new "facts," the plaintiffs' GBL claims fail because Apple did not deceive anyone, and the plaintiffs have not alleged an injury. Finally, the unjust enrichment claim fails because the plaintiffs concede that they received the benefits of the services Apple provided, including the right to use (to watch or listen to) the Digital Content and to download it, and because it seeks duplicative relief.

## ARGUMENT

**I.   Nonmutual Offensive Collateral Estoppel Is Not Applicable.**

Courts are "wary" of nonmutual offensive collateral estoppel, which can produce "extraordinarily harsh and unfair results." *Remington Rand Corp. v. Amsterdam–Rotterdam Bank, N.V.*, 68 F.3d 1478, 1486 (2d Cir. 1995); *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 84 (2d Cir. 2019). Collateral estoppel does not apply here because: (a) *Andino* was not a final decision on the merits; and (b) the issues in *Andino* are not identical to those presented here.

**A.   There Was No Final Decision on the Merits in *Andino*.**

Where "the previous disposition was not on the merits . . . there can be no estoppel." *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 555 (2d Cir. 1967). Even the plaintiffs admit collateral estoppel applies only if "the issue previously litigated" was necessary to a "final judgment on the merits." (Opp. 23); *see Ott v. Barash*, 109 A.D.2d 254, 263 (1st Dep't 1985) ("[A] general prerequisite to . . . collateral estoppel is the existence of a final judgment.").

The *Andino* Court's denial of a motion to dismiss is not a final judgment, and it does not have preclusive effect here. "[D]enial of a motion to dismiss at the pleading stage" is "*not a final judgment on the merits.*" *Tannenbaum v. Corbis Sygma*, 2002 WL 31778813, at *2 (S.D.N.Y.

Dec. 12, 2002) (emphasis added); *see also Allen v. Antal*, 2014 WL 2526913, at *2 (S.D.N.Y. June 3, 2014) (same); *Makhnevich v. MTGLQ Investors, L.P.*, 2020 WL 764158, at *4 (S.D.N.Y. Feb. 14, 2020) ("[T]he doctrine of issue preclusion d[id] not apply" where the "state court *denied* [p]laintiff's motion to dismiss" because "[u]nder New York law, that denial [wa]s not a final judicial determination with preclusive effect."); *Sethi v. Narod*, 12 F. Supp. 3d 505, 527 (E.D.N.Y. 2014) (declining to preclude arguments based on the denial of a motion to dismiss in a prior case). For this reason, alone, the plaintiffs' attempt to invoke issue preclusion fails.[1]

### B. The Issues Raised Here Are Not Identical to *Andino*.

Collateral estoppel is further inappropriate because the issues raised in *Andino* are not identical to those presented here. "Use of collateral estoppel 'must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged.'" *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005) (quoting *Comm'r v. Sunnen,* 333 U.S. 591, 599–600 (1948)). "The burden of showing that the issues are identical and were necessarily decided in the prior action rests with the party seeking to apply issue preclusion." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013). Here, the claims and applicable legal standards are different, and the plaintiffs have not established otherwise.

This Court will apply *New York* law standards that are not identical to those in *Andino*, a distinction the plaintiffs ignore. The *Andino* Court assessed whether the plaintiff's particular allegations met Ninth Circuit standards applicable to claims under the *California* UCL, FAL, and

---

[1] The plaintiffs contend that Apple's arguments here "were already rejected by the only court that has decided a motion to dismiss filed by Apple in a matter virtually identical to the present one." (Opp. 3). They neglect to mention, however, that a California district court dismissed on standing grounds similar claims brought against Amazon by these same plaintiffs' counsel, finding the allegations that the plaintiff "receive[d] a product worth less than [its actual value]" insufficient to establish injury. *Caudel v. Amazon.com, Inc.*, 2021 WL 4819602, at *2-3 (E.D. Cal. Oct. 15, 2021).

3

CLRA. *See* 2021 WL 1549667, at *11. In so doing, the *Andino* Court observed that, under applicable California law, "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Id.* at *4. It did not consider Apple's Terms, which disclose that Digital Content may not remain available indefinitely, finding "[i]t seems plausible, at least at the motion to dismiss stage, that reasonable consumers would expect their access couldn't be revoked." (*Id.*)

In contrast, this Court can and should consider Apple's terms, applying New York law. GBL claims are routinely decided on motions to dismiss, and dismissal is appropriate where the claimed deception is unreasonable as a matter of law because, as here, the allegedly deceptive practice was, in fact, disclosed. (Opening Brief ("Br.") 9-17.) Courts hold that "[w]here a disclaimer is available to a plaintiff before it engages in a transaction," a GBL claim must be dismissed because "a reasonable consumer would not have been misled by the defendants' alleged misrepresentations as a matter of law." *Lisa Coppola, LLC v. Higbee*, 2020 WL 1154749, at *8-9 (W.D.N.Y. Mar. 10, 2020) (dismissing claim) (quotation omitted). Here, the Terms disclosed to users that they do not have full "ownership rights" in Digital Content, which may not remain on iTunes indefinitely, and it was the user's responsibility to download and back up purchased Digital Content to ensure continued access. (Br. 14-17.) Nothing was hidden.

**II.     The Plaintiffs' GBL Claims Must Be Dismissed.**

    **A.     Apple Did Not Make a Misrepresentation.**

        *1.     The Terms "Buy" and "Purchased" Are Truthful and Not Misleading.*

The plaintiffs' assertion that the option to "Buy" Digital Content is misleading rests on the notion that Apple promised to convey "true ownership" and "pass[] title," whatever those phrases mean in the plaintiffs' subjective view. (Opp. 10; Compl. ¶¶ 5, 50.) Apple demonstrated that "true ownership," as the plaintiffs apparently envision it, would presumably involve *all* intellectual

4

property, distribution, and other rights, which no reasonable consumer would assume she acquired for $1.29. (Br. 10-14.) In response, the plaintiffs scoff at Apple's discussion, calling it "ridiculous" and "incredulous." (Opp. 12-13.) But that is the point. It *is* ridiculous that anyone would think she acquired "true ownership rights" or "title" to Digital Content for $1.29. And once the plaintiffs admit that "true ownership" does not include these rights, their claim fails because it is not tethered to anything other than a subjective view of what rights the plaintiffs think they should have.

The plaintiffs never bought the right to pass title to the Digital Content in either the retail or online setting. Of course, the plaintiffs had the option to purchase a DVD or CD, but they elected to purchase Digital Content presumably because of its many advantages, including the ability to view the Digital Content on multiple mobile devices. No plaintiff would sue retailers who sell DVDs or CDs because they do not confer the many benefits of Digital Content, just as it is nonsensical to sue Apple because a DVD or CD is different than Digital Content. Any reasonable consumer understands these facially obvious differences.

And, as Apple established, the terms "Buy" and "Purchased" are not misleading because the use of those words here is exactly within their dictionary definitions. (Br. 11-14.) The plaintiffs label Apple's argument "tenuous," but do not explain how buying Digital Content does not fulfill either definition. Instead, they seek to stretch the definitions to encompass an amorphous, unspecified promise of "ownership." Surely the plaintiffs knew when they clicked "Buy" they were not purchasing a physical DVD or CD. In any event, the Opposition fails to explain how ownership of the *right* to use (watch and listen to) and download Digital Content is not "ownership." (Br. 11.) The plaintiffs further posit that Apple "promised the type of ownership obtained when consumers purchase content in the retail sense," but do not articulate what that "type of ownership" entails, or how it differs from ownership of Digital Content. (Opp. 12.) Even

accepting as true the plaintiffs' assertion that Apple sold a "license," courts routinely use the terms "bought" or "purchased" to describe the transfer of a license. (Br. 12-13). There is nothing misleading about using "Buy" or "Purchased" in connection with the sale of a license.

The plaintiffs' reliance on the *Andino* Court's interpretation of "buy" is misplaced. (Opp. 8.) The dictionary definition of "Buy" encompasses: "to acquire possession, ownership, **or rights to the use** . . .." (Br. 11-12). As Apple established, it did, in fact, sell the plaintiffs the "rights to the use" of – to watch or listen to – the Digital Content. Apple also sold ownership of those rights; the right to download the Digital Content to their computer or device; and when users did download that Digital Content, they then possessed a physical copy of the material, like a DVD or CD, which ensures that material does not become unavailable in the future. (*Id.*)

The *Andino* Court focused only on the possession portion of the definition; it did not consider that "Buy" also includes the "right to use" – to watch or listen to – the Digital Content, which Apple conveys. Moreover, the Court did not analyze whether a reasonable consumer believes that she "owns" "title" to the Digital Content, which is what the plaintiffs here allege. 2021 WL 1549667, at *4. As even the plaintiffs admit, no reasonable consumer could possibly believe that the terms "Buy" and "Purchased" mean that they actually "own" the specific Digital Content, rather than the rights to use – watch or listen to – that movie, television show, or music they purchased on iTunes. (Opp. 12-13.) In fact, they admit that one would have "to pay billions of dollars" to acquire full ownership rights – not $1.29. (Opp. 12). *Andino* is not controlling.[2]

---

[2] The plaintiffs' attempts to distinguish the cases Apple cites fail. *Kommer v. Bayer Consumer Health* is applicable: a Court may decide as a matter of law that a reasonable consumer would not be misled where the facts and circumstances do not support the plaintiff's interpretation. 252 F. Supp. 3d 304, 311 (S.D.N.Y. 2017), *aff'd*, 710 F. App'x 43 (2d Cir. 2018). *Cosgrove v. Blue Diamond Growers* did not involve the "interpretation of allegations that were subjective in nature" (Opp. 9), but instead the Court applied the objective reasonable consumer standard to determine

Finally, the plaintiffs improperly add new assertions about why unnamed consumers *might* not want "to 'download' purchased Digital Content" after buying it. (*See* Opp. 11.) These new "facts" are not alleged in the Complaint and this Court should not consider them. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (declining to consider new facts; "[A] party is not entitled to amend its complaint through statements made in motion papers[.]"); *Hendrix v. Pactiv LLC*, 488 F. Supp. 3d 43, 55 (W.D.N.Y. Sept. 21, 2020) (same). These assertions, moreover, are irrelevant: neither plaintiff alleges she tried to download Digital Content but was unable to. The allegations regarding the speculative hearsay opinions of one professor (Opp. 10) and Apple's supposed motivation for alleged misrepresentations it did not make (*id.* at 3-4) also are not alleged in the Complaint and should not be considered.

    2.    *The Terms Fully Disclose That Users Should Download Digital Content.*

There was no deception because the Terms never suggest that users are obtaining "true ownership" or "title" to Digital Content and make clear that they are not. *See Dimond v. Darden Rests., Inc.*, 2014 WL 3377105, at *7 (S.D.N.Y. Jul. 9, 2014). As the plaintiffs acknowledge, the Terms disclose the restrictions on users' rights with respect to purchased Digital Content. (Opp. 13-14). And, to the extent that the plaintiffs believed they could "view[] and listen[]" to the content purchased "indefinitely" (Compl. ¶ 70), the Terms fully disclose to users that they should download and back up Digital Content to ensure continued access to it. (Br. 14-17.) In their Opposition, the plaintiffs ignore much of the Terms' language and the case law where courts dismissed GBL claims because the defendant "fully disclosed the terms and conditions of an alleged deceptive transaction" (*id.*), and instead deflect. They claim that they did not have notice

---

that a consumer would not be misled as a matter of law. 2020 WL 7211218, at *3-5 (S.D.N.Y. Dec. 7, 2020). Here, as in each of these cases, a reasonable consumer would not be misled by the terms "Buy" and "Purchased." (Br. 10-14.)

of the Terms because they were not "called out anywhere on the portion of the webpage where the sales transaction takes place." (Opp. 13.) This is curious because in *Andino*, the same plaintiffs' counsel requested that the Court take judicial notice of the Terms in deciding Apple's motion to dismiss because the Terms "are readily verifiable and not subject to dispute." *Andino*, E.D. Cal. Case No. 2:20-cv-01628-JAM-AC at ECF No. 19. In any event, before users can access the iTunes store they must agree to the Terms, which thereafter govern their use of iTunes. (Br. 5); *see also Price v. Apple, Inc.*, 2022 WL 1032472, at *3 (N.D. Cal. Apr. 6, 2022) (dismissing claims; "Apple requires its customers to have an Apple ID account and agree to Apple's terms and conditions"). Plus, the Terms are publicly available on Apple's website for the world to see. The plaintiffs were "on notice" of the Terms.[3]

Finally, the plaintiffs discuss Apple Music, which is also not pled. (Opp. 14-17.) Apple Music—a subscription service—is a fundamentally different product than iTunes; it allows users to play songs from a catalog of music during a subscription period for a fee. (Opp. 15). Conversely, in iTunes, the ability to play and download purchased songs is not tied to continuing subscription payments. Apple Music's subscription model is entirely irrelevant to the plaintiffs' claims that the terms "Buy" and "Purchased" are supposedly misleading as used in the iTunes store. (Br. 14-17.)

**B.   The Plaintiffs Have Not Pled An Injury.**

The plaintiffs fail to allege in non-conclusory terms: (1) what specific Digital Content they purchased; (2) what price they paid; (3) when they made these purchases; or (4) how the price was inflated. Instead, the plaintiffs discuss a range of products and prices for which Digital Content

---

[3] The plaintiffs' cases are inapposite. *Starke v. SquareTrade, Inc.* is a contract case involving whether a party agreed as a matter of contract to an arbitration agreement. 913 F.3d 279, 289 (2d Cir. 2019). At this stage, Apple is using the Terms to demonstrate that what the plaintiff contends was hidden was actually fully disclosed. Any contrary understanding was unreasonable. *Mantikas v. Kellogg Co.* involved a food label. 910 F.3d 633, 634 (2d Cir. 2018).

8

*could have been* purchased, and claim that their purchases occurred "during the class period" (whatever that may be). (Opp. 18, 20.) Conclusory allegations that do not state *with specificity* the circumstances of the alleged purchase fail to state a claim. *See Turk v. Rubbermaid Inc.*, 2022 WL 836894, at * (S.D.N.Y. Mar. 21, 2022) (dismissing claims); *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 142 (E.D.N.Y. 2018). The plaintiffs' attempt to distinguish *Colella* and *Izquierdo* is unpersuasive. Both cases stand for the principle that where—as here—a complaint contains only conclusory allegations concerning an alleged purchase and price premium, GBL claims should be dismissed. In *Colella*, the Court found that the plaintiff failed to allege an injury "with specificity," even though he provided *more* information than the plaintiffs provide here; there, the plaintiff alleged that he purchased three particular products "within the two years preceding the filing" of the complaint. *Colella,* 348 F. Supp. 3d at 127, 142. Here, there is no such specificity.

The suggestion that Apple can remedy the plaintiffs' pleading defects during discovery ignores their pleading burden. To survive a motion to dismiss, the plaintiffs must plead non-conclusory factual allegations regarding the specific Digital Content they purchased and their resulting injuries. Because they fail to do so, their GBL claims should be dismissed.[4]

### III.   The Plaintiffs' Unjust Enrichment Claim Must Be Dismissed.

#### A.   The Unjust Enrichment Claim Is Inadequately Pled.

The plaintiffs ignore and thereby concede Apple's argument that they have not adequately pled that Apple was unjustly enriched. (Br. 22-23.) They admit they received the benefits of the services Apple provided. (*See id*.) As a result, they have no claim "to return of the sums paid for

---

[4] The assertion that Apple is "ask[ing] this Court to apply a Rule 9(b) pleading standard" (*see* Opp. 17-18) is false. *Colella* and *Izquierdo* applied the Rule 8 standard, from which the requirement to plead facts in non-conclusory terms stems. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

9

such services." *Metal Cladding, Inc. v. Brassey*, 159 A.D.2d 958, 958-59 (4th Dep't 1990) (dismissing claim); *Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 196 F. Supp. 2d 378, 388 (S.D.N.Y. 2002).[5]

### B. The Unjust Enrichment Claim Is Duplicative.

The unjust enrichment claim is duplicative of the GBL claims: they all allege that Apple made the same misrepresentations and received the same benefits. (Br. 21-22.) The plaintiffs cite to *Acquard v. Big Heart Pet Brands, Inc.*, 2020 WL 12904361 (W.D.N.Y. Nov. 30, 2020) and claim there are differences between the respective claims. (Opp. 21-22.) But courts routinely dismiss unjust enrichment claims as duplicative of GBL claims, rebutting the plaintiffs' argument that the availability of GBL statutory damages precludes dismissal. (Opp. 22.); *Jackson-Mau v. Walgreen Co.*, 2019 WL 5653757, at *2 (E.D.N.Y. Oct. 31, 2019) (dismissing claim); *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *12 (S.D.N.Y. Mar. 27, 2018) (dismissing claim). And the sole remedy the unjust enrichment claim seeks – "disgorgement of all profits" and "restitution" – is also requested in the GBL claims, requiring dismissal. (Compl. ¶ 69); *LG Capital Funding, LLC v. Active Health Foods, Inc.*, 2018 WL 2057143, at *2 (E.D.N.Y. Mar. 6, 2018) (dismissing claim). Finally, the plaintiffs neglect the bulk of Second Circuit cases holding that an unjust enrichment claim "based on the same *facts* as other claims" should be dismissed. *See Kloppel v. Sears Holdings Corp.*, 2018 WL 1089682, at *6 (W.D.N.Y. Feb. 28, 2018), *adopted*, 2019 WL 1226017 (W.D.N.Y. Mar. 15, 2019) (dismissing claim); *Jackson-Mau*, 2019 WL 5653757, at *2; *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *27 (E.D.N.Y. Sept. 22, 2015).

---

[5] The claim also fails because the Terms are an enforceable contract covering access to Digital Content. *See Price*, 2022 WL 1032472, at *7 (dismissing claim because the Terms "relate[d] to the conduct at issue"); *Coty, Inc. v. L'Oreal S.A.*, 320 F. App'x 5, 6 (2d Cir. 2009) ("[R]ecovery . . . is not permitted where the matter . . . is covered by a valid, enforceable contract.")

Dated: May 27, 2022

Respectfully submitted,

| **Lippes Mathias LLP** | **DLA Piper LLP (US)** |
|---|---|
| Carol E. Heckman | Keara M. Gordon* |
| /s/ *Carol E. Heckman* | Rachael C. Kessler* |
| Caitlin E. O'Neil | 1251 Avenue of the Americas |
| 50 Fountain Plaza, Suite 1700 | New York, New York 10020-1104 |
| Buffalo, New York 14202 | Tel.: (212) 335-4500 |
| Tel: (716) 853-5100 | keara.gordon@us.dlapiper.com |
| checkman@lippes.com | rachael.kessler@us.dlapiper.com |
| coneil@lippes.com | |
| | *admitted *pro hac vice* |

*Counsel for Defendant Apple Inc.*