UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRENISE MCTYERE and LUCILLE
CLARK,

          Plaintiffs,

v.

APPLE, INC.

          Defendant.

**CASE MANAGEMENT ORDER**

1:21-cv-01133-LJV-JJM

---

Pursuant to the order of Hon. Lawrence J. Vilardo referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. ("Rule") 16(b) and Local Rule 16, and a conference with counsel having been held on May 19, 2023, it is ORDERED that:

1.    In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution, this case has been referred to mediation.

2.    Motions to opt out of ADR shall be filed by no later than **January 16, 2024**.

3.    Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than **June 17, 2023**.

4.    The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court by no later than **January 31, 2024**. If the parties do not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with §5.4(C)(2) of the ADR Plan.

5.    All motions or stipulations to join other parties and to amend or supplement the pleadings shall be filed by no later than **August 31, 2023**.

6.    The initial mediation session shall be held by no later than **February 2024**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

7.    All fact discovery, with the exception of any production necessary following receipt of expert reports, shall be completed by no later than **October 31, 2023**. If discovery disputes arise, the parties shall initially advise me of the dispute via letter or e-mail (copying opposing counsel). Upon review of the letter, I will generally schedule a conference with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, informal submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

8.    Any discovery disputes relating to fact discovery must be presented to the Court no later than **October 5, 2023**.

9.    Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **December 1, 2023**. Each party intending to offer other expert testimony (i.e.,

2

testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **January 17, 2024**.

10.    All expert depositions shall be completed by no later than **February 16, 2024**.

11.    Motions for class certification shall be filed by no later than **February 29, 2024**.  Opposition briefs shall be filed by no later than **April 25, 2024** and reply briefs shall be filed by no later than **May 30, 2024**.

12.    Plaintiffs' motion(s) pursuant to Federal Rule of Evidence 702 shall be filed by no later than **February 29, 2024**. Apple's opposition shall be filed by **May 9, 2024** and plaintiffs' reply shall be filed by **June 6, 2024**.  Such motions shall be made returnable before the Magistrate Judge. The parties are directed to provide a courtesy copy of all motion papers to the Court.

13.    Apple's motion(s) pursuant to Federal Rule of Evidence 702 shall be filed by no later than **April 25, 2024**.  Plaintiffs' opposition shall be filed by **May 30, 2024**, and Apple's reply shall be filed by **June 20, 2024.**

14.    Motions for summary judgment shall be filed by no later than **July 24, 2024**. Oppositions to motions for summary judgment shall be filed by no later than **August 28, 2024**, and reply briefs shall be filed by no later than **September 18, 2024.**

15.    Following the resolution of the motions for class certification, FRE 702 motions, and motions for summary judgment (if any), a conference will be scheduled to set additional deadlines.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED.**

Dated: _____

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

4