UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRENISE MCTYERE and LUCILLE
CLARK, individually and on behalf of all
others similarly situated,

                      Plaintiffs,

v.

APPLE, INC.

                      Defendant.

**DECISION AND ORDER**

1:21-cv-01133(LJV)(JJM)

---

        Before the court is Apple's motion to compel production of the named plaintiffs' electronic devices for forensic inspection [47],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [32].[2] Having considered the parties' submissions [47-50, 53-55], the motion is granted.

## BACKGROUND

        Apple's iTunes Store allows consumers to rent or buy movies, television shows, music and other media ("Digital Content"). Class Action Complaint [1], ¶¶1-2. Plaintiffs Trenise McTyere and Lucille Clark allege that the "buy" option misled them to overpay for digital content in the belief that access could never be revoked, when in fact they were only receiving a license to access the content that could be revoked. Id., ¶¶4-7. They assert claims

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

[2]     In Andino v. Apple Inc., 2:20-cv-01628 (E.D. Cal), a case filed by the same plaintiffs' counsel asserting similar claims, the parties are litigating the identical issue. See 2:20-cv-1628 October 4, 2023 Joint Statement re Discovery Disagreement [51]. As of now, that court has not ruled on the issue.

under sections 349 and 350 of the New York General Business Law ("GBL"), as well as a common law claim for unjust enrichment, and seek "monetary damages, including but not limited to any statutory, compensatory, incidental, or consequential damages". Id. at 16-20, Prayer for Relief, ¶E.[3]

Apple's motion seeks to compel compliance with its June 27, 2023 request for the named plaintiffs to produce the electronic devices they used to purchase or access the digital content from Apple's iTunes Store:

> "for forensic copying and production to Apple of data from [those] devices showing: (1) the purchases of Digital Content You made; (2) whether any of the Digital Content You purchased is no longer available to You; (3) whether You downloaded any Digital Content You purchased and, if so, whether You still have access to downloaded copies of that Digital Content; (4) whether You deleted any Digital Content You purchased and if so when; (5) your usage of the Digital Content You purchased; and (6) any backup(s) of Your Devices housed in Your iTunes and/or iCloud account."

Apple's Second Set of Requests for Production to Plaintiffs [49-3] at 6, Request No. 64.

Apple has retained James Vaughn, the Managing Director of iDiscovery Solutions ("iDS"), an independent third-party vendor, to conduct the forensic inspection. Vaughn Declaration [50], ¶¶2, 5. Vaughn, who is a signatory to the parties' Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials [39, 40], explains that in order to minimize any burden to plaintiffs, iDS will travel to a location of plaintiffs' choosing, at Apple's expense, and conduct the forensic collection at a date and time they select. Vaughn Declaration [50], ¶¶7, 12. The collection should take between one to three hours per device, and can be

---

[3] Plaintiffs' request for injunctive relief was previously dismissed by District Judge Vilardo. See March 21, 2023 Decision and Order [30] at 17.

conducted one device at a time to limit the intrusion. Id.[4]  Following the onsite forensic collection, the devices will be returned immediately to plaintiffs. Id., ¶8.

Forensic copies of the devices and plaintiffs' Cloud accounts will be retained by iDS, and securely maintained until it is instructed by the court or the parties to destroy them. Id., ¶9.  As a result of its forensic examination, which will be conducted pursuant to a protocol, iDS will produce to Apple only that information relating to plaintiffs' "purchase of Digital Content, usage of Digital Content, downloading of Digital Content, and/or maintaining or deleting of downloaded Digital Content on their devices or in the Cloud" ("discoverable content"). Id., ¶¶8, 10-11; proposed Protocol regarding inspection of the plaintiffs' devices [49-8] at 2-6.  Any information that is not discoverable content will be "stored in a secure format and not reviewed by iDS or provided to Apple". Id., ¶9.

## DISCUSSION

Parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" (Fed. R. Civ. P. ("Rule") 26(b)(1)), and this includes the right to "inspect, copy, test, or sample . . . electronically stored information" ("ESI") for such discovery. Rule 34(a)(1)(A). See Downs v. Virginia Health System, 2014 WL 12776888, *2 (W.D. Va. 2014) ("defendants' request for an exhaustive forensic examination of the plaintiff's computers is . . . directly within the scope of ESI discovery contemplated by the inspection, copying, testing and sampling provisions of Rule 34(a)(1)(A)").  "[R]elevance, for purposes of discovery, is an extremely broad concept", Austin

---

[4]  With the exception of an iPod Nano/Touch, plaintiffs have identified iPhones as the electronic devices at issue. See Clark's Amended Response to Interrogatory No. 2 [49-2] at 5; McTyere's Response to Interrogatory No. 2 [49-5] at 5.

Air Systems, Ltd. v. Sager Electrical Supply Co., Inc., 2022 WL 464230, *12 (W.D.N.Y. 2022), adopted, 2023 WL 540119 (W.D.N.Y. 2023), "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case". Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

In order to determine whether the requested discovery is "relevant or could lead to the discovery of relevant evidence, the Court considers the elements of each of [the] claims." Lewis v. City of New York, 2014 WL 12829437, *3 (E.D.N.Y. 2014). "[T]o prevail in a cause of action under GBL §§ 349 and 350, the plaintiff must prove that the defendant made misrepresentations or omissions that were likely to mislead a reasonable consumer in the plaintiff's circumstances, that the plaintiff was deceived by those misrepresentations or omissions and that as a result the plaintiff suffered injury". Solomon v. Bell Atlantic Corp., 9 A.D.3d 49, 52 (1st Dept. 2004). In contrast, "[u]nder New York law, a plaintiff may prevail on a claim for unjust enrichment by demonstrating (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution". Nordwind v. Rowland, 584 F.3d 420, 434 (2d Cir. 2009).

Plaintiffs argue that their case is "a simple and straightforward price premium theory of liability and damages" (plaintiffs' Memorandum of Law [53] at 5), "whereby a plaintiff claims to have paid more for the product than he or she would have if the defendant did not engage in allegedly deceptive practices". Richardson v. Edgewell Personal Care, LLC, __F.Supp.3d__, 2023 WL 1109646, *5 (S.D.N.Y. 2023). Therefore, they argue that their "conduct after their purported 'purchase(s)' has no bearing on their claim or their injury", rendering the discovery sought by Apple "wholly irrelevant". Id. at 7.

Apple responds that "[e]ven under a price premium theory, the plaintiffs

-4-

must prove each of the elements of their claims, including Article III standing, statutory standing, injury in fact, materiality, causation, and damages". *See* Apple's Reply Memorandum of Law [54] at 7-8. In particular, it notes that "'[d]eception alone cannot constitute 'actual injury' under GBL § 349'". Id. at 8 (*quoting* Marshall v. Hyundai Motor America, 334 F.R.D. 36, 59 (S.D.N.Y. 2019)).

However, District Judge Vilardo has previously held that "it is sufficient to allege 'that the price of the product was inflated as a result of [the defendant's] deceptions to meet the injury requirement'" of GBL §§349 and 350. Decision and Order [30] at 14 (*quoting* Valcarcel v. Ahold U.S.A., Inc., 577 F. Supp. 3d 268, 280 (S.D.N.Y. 2021) (internal quotations omitted)). *See also* Colpitts v. Blue Diamond Growers, 527 F. Supp. 3d 562, 575-77 (S.D.N.Y. 2021) ("an allegation that a plaintiff would not have purchased a product or would not have paid the same amount . . . satisfies the injury-in-fact prong of Article III standing", and qualifies as an injury under GBL §§349 and 350).

In any event, even if the discovery sought is irrelevant to plaintiffs' ability to establish an injury, it is still relevant for several other reasons. First, the Complaint [1] alleges that "[p]laintiffs did in fact lose purchased Digital Content" (id., ¶30) and that "on numerous occasions" Apple revoked access to and use of Digital Content without warning, including Digital Content owned by plaintiffs (id., ¶48). Apple is entitled to test these allegations through discovery. *See* Montgomery v. Comenity Bank, 2022 WL 1308044, *3 (M.D. La. 2022) ("[t]he discovery process allows Defendant to test allegations in the pleadings through discovery").

Plaintiffs' position is also difficult to reconcile with their own discovery request to Apple for the identity of the Digital Content that became unavailable to them (McTyere's First Set of Interrogatories [49-25] at 5, Interrogatory No. 1; Clark's First Set of Interrogatories [49-

26] at 6, Interrogatory No. 1) - the very same post-purchase conduct that they contend is irrelevant. Plaintiffs cannot have it both ways.

Next, the Apple iTunes Store Terms and Conditions [49-1] applicable to plaintiffs' purchases cautioned that since "[s]ome iTunes Eligible Content that you previously acquired may not be available for subsequent download at any given time, and Apple shall have no liability to you in such event . . . . [, ] you may want to back it up". Id. at 6. See Gordon Declaration [49], ¶4. Hence, the existence of backed up Digital Content would be probative of whether plaintiffs were misled.

This same discovery is also relevant to Apple's mitigation of damages defense. See Answer and Affirmative Defenses [31], Sixth Affirmative Defense. Notwithstanding plaintiffs' argument that any post-purchase conduct is irrelevant to their price premium theory of liability and damages, Apple has asserted post-purchase affirmative defenses, and it "'is not limited in discovery [concerning those defenses] by the opponent's theory.'" Big City Dynasty v. FP Holdings, L.P., 336 F.R.D. 507, 511 (D. Nev. 2020) (quoting 8 Wright, Miller, & Marcus, Federal Practice and Procedure (Civil) § 2011 (3d ed.)); Yorktown Industries, Inc. v. Aster Graphics, Inc., 2023 WL 6541317, *5 (N.D. Ill. 2023) ("having pled the affirmative defense of failure to mitigate, Aster is entitled to discovery regarding that defense, for which it bears the burden of proof").

Finally, although McTyere has identified the Apple IDs she used to purchase Digital Content from the iTunes Store, as well the particular movies, television shows and music video that she purchased (McTyere's Interrogatory Responses [49-33] at 2, 6, Response to Interrogatory Nos. 1 and 3), Apple does not have any record of those purchases or others by her during the statute of limitations period (see Gordon Reply Declaration [55], ¶6), a discrepancy

that it has the right to explore.[5] Likewise, while simultaneously alleging that her iPhone does not contain any relevant information, Clark acknowledges in her discovery responses that "[a]ny evidence related to her claims is *stored in her iPhone*". Clark's Amended Interrogatory Responses [49-2] at 14, Response to Interrogatory No. 15 (emphasis added).[6] Again, Clark cannot have it both ways.

Having concluded that the requested discovery is relevant, the burden shifts to plaintiffs to demonstrate why the discovery should not be permitted. *See* Gugino v. City of Buffalo, 2021 WL 5239901, *3 (W.D.N.Y. 2021). Despite the burden shifting to plaintiffs, a party is not required to produce ESI "from sources the party identifies as not reasonably accessible because of undue burden or cost" (Rule 26(b)(2)(B)), unless "the demanding party shows 'good cause.'" Schreiber v. Friedman, 2017 WL 11508067, *5 (E.D.N.Y. 2017).

Plaintiffs argue that Apple's request "is overly broad, unduly burdensome, not proportional to needs of the case and, importantly, harassing". Plaintiffs' Memorandum of Law [53] at 19. They note that "[f]orensic imaging is exceedingly rare and only ordered in cases

---

[5]  Plaintiffs note that "[f]or personal reasons, . . . McTyere has decided to no longer serve as a lead plaintiff in this action." Plaintiffs' Memorandum of Law [53] at 18 n. 3. However, as Apple argues, pursuant to Rule 41(a)(2), McTyere "cannot unilaterally withdraw without a Court order, . . . which may be conditioned on her compliance with her discovery obligations". Apple's Reply Memorandum of Law [54] at 14 n. 3. *See* Cortina v. Wal-Mart Stores, Inc., 2016 WL 4556455, *10 (S.D. Cal. 2016) ("[a] court may . . . condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery").

[6]  "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001). Surprisingly, despite the recognition that evidence related to her claims may be stored on her iPhone, it does not appear that Clark has done anything to preserve that evidence. *See* Clark's Amended Interrogatory Responses [49-2] at 16, Response to Interrogatory No. 18 ("the only backups of Plaintiff's Apple Device(s), if any, are those that are housed on her iCloud account"); McTyere's Interrogatory Responses [49-5] at 16, Response to Interrogatory No. 18 (same).

where improper conduct is shown". Plaintiffs' Memorandum of Law [53] at 13 (emphasis omitted). None of these arguments are persuasive.

Because of "their intrusive nature", some courts have characterized "[f]orensic examinations of computers and cell phones" as "a drastic discovery measure". Aminov v. Berkshire Hathaway Guard Ins. Companies, 2022 WL 818944, *1 (E.D.N.Y. 2022). Nevertheless, "forensic imaging is not uncommon in the course of civil discovery", and has been ordered for "various reasons", John B. v. Goetz, 531 F.3d 448, 459 (6th Cir. 2008), including when the "computers and devices [are] closely connected with the claims and/or defenses in the litigation." In re Apple Inc. Device Performance Litigation, 2019 WL 3973752, *3 (N.D. Cal. 2019) (citing cases). See also Herskowitz v. Apple Inc., 5:12-cv-02131 (N.D. Cal.) and Juel v. Apple Inc., 12-CV-3124 (N.D. Cal.) (directing the plaintiffs to produce their devices for forensic examination where their claims centered on alleged problems they experienced purchasing and using music purchased from iTunes. See Minute Order and Case Management Order dated February 12, 2014 [49-29] at 3; Herskowitz (5:12-cv-02131): Redacted Second Amended Consolidated Class Action Complaint [64]).[7]

For these reasons, I find good cause for the forensic imaging and inspection of plaintiffs' devices. While plaintiffs argue that Apple already possesses this discovery (see Plaintiffs' Memorandum of Law [53] at 16), its business records would not indicate whether and what Digital Content was backed up from plaintiffs' devices and whether deletions or other intervening causes were responsible for any of the Digital Content becoming inaccessible. See

---

[7]   Plaintiffs' attempt to distinguish Herskowitz and Juel by alleging the cases "concerned claims about the amount of storage space available on iPhones after installation of the phone's operating system" (plaintiffs' Memorandum of Law [53] at 11-12) is simply wrong.

Apple's Memorandum of Law [48] at 7.[8]  As discussed above, Apple is also entitled to this discovery to investigate the discrepancy between the Digital Content that McTyere alleges to have purchased and what Apple's business records show.

Alternatively, Clark has provided some screenshots of her devices to Apple (Gordon Declaration [49], ¶31), is apparently willing to produce others (plaintiffs' Memorandum of Law [53] at 18), and has offered to walk through at her deposition the "way in which she interacts with her iPhone and the iTunes platform when she purchases and accesses Digital Content". Id.  Even if this occurred with both plaintiffs, it is insufficient to meet their discovery obligation.

As Apple notes (Apple's Reply Memorandum of Law [54] at 15), much of the relevant information is contained in the metadata (*i.e.*, information such as when the Digital Content was "downloaded, accessed or deleted" United States v. Eiker, 2017 WL 6459510, *5 (E.D. Va. 2017)) available from a forensic examination, not screenshots. See Cooper Interconnect, Inc. v. Glenair, Inc., 2015 WL 13722129, *2 (C.D. Cal. 2015) ("the snapshot did not include the metadata necessary for Plaintiff to determine whether the files had been accessed, used, or copied"); Vaughn Declaration [50], ¶12 (same).  Plaintiffs also previously agreed that any ESI production include metadata, where it exists, and I see no reason why their agreement to do so should not apply here. See ESI Stipulation and Order [38] at 3, §2(c); July 26, 2023 Text Order approving the proposed Order [40].

I am sensitive to plaintiffs' privacy concerns. See In re Apple Inc. Device Performance Litigation, 2019 WL 3973752 at *3 ("the privacy concerns attached to personal devices and computers often make courts wary of allowing the forensic imaging of such

---

[8]  For example, Clark acknowledges that she lost some Digital Content (songs) when she upgraded her iPhone. See Clark's Amended Interrogatory Responses [49-2] at 7-8, Response to Interrogatory No. 5.

devices"); Advisory Committee Note to Rule 34(a) (2006) ("[c]ourts should guard against undue intrusiveness resulting from inspecting or testing [electronic information] systems"). However, based on Apple's proposed Protocol regarding the inspection of plaintiffs' devices ([49-8] at 2-6) and the representations of its independent forensic examiner (Vaughn Declaration [50]), the burden to plaintiffs is limited, and there are adequate assurances that their privacy will be safeguarded.

## CONCLUSION

For these reasons, Apple's motion to compel [47] is granted. If the parties are unable to agree on a date and location for the inspection, they may contact the court.

SO ORDERED.

Dated: December 20, 2023

_Jeremiah J. McCarthy_
JEREMIAH J. MCCARTHY
United States Magistrate Judge
