UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRENISE MCTYERE and LUCILLE
CLARK,

                        Plaintiffs,                  **DECISION AND ORDER**

v.                                                  1:21-cv-01133-LJV-JJM

APPLE, INC.,

                        Defendant.

---

        Familiarity with the relevant factual and procedural history is presumed. Before the court is the motion by plaintiffs' attorneys (Reese LLP) for leave to withdraw as counsel for named plaintiff Trenise McTyere [69],[1] along with McTyere's request to "be allowed to withdraw as a named plaintiff in this case", as it "has turned out to be more intrusive than I expected". McTyere Declaration [81], ¶¶2-3. Having considered the parties' submissions [69-72, 81, 84-88] and heard oral argument today [89], for the following reasons the motion and request are both denied, without prejudice to renewal at a later date. Furthermore, McTyere is *once again* ordered to fully comply with my December 20, 2023 Decision and Order [60] requiring her to produce her electronic devices for a forensic inspection by defendant Apple, Inc.

## DISCUSSION

        The Complaint's "allegations pertaining specifically to Plaintiffs . . . are based on personal knowledge" ([1] at 1), including the allegations that "[d]espite Defendant's

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

representations that it had sold them Digital Content, Plaintiffs did in fact lose purchased Digital Content because it was merely licensed to them", and that "once Defendant's licensing agreement with a content owner terminates, Apple must revoke the consumers' access and use of the Digital Content without warning. Apple has done so on numerous occasions, including with respect to Digital Content owned by Plaintiffs". Id., ¶¶30, 48.

As I stated in my December 20, 2023 Decision and Order, "Apple is entitled to test these allegations through discovery". [60] at 5.[2] For that reason, I ordered the production of her electronic devices, with adequate protection for her privacy interests (id. at 9-10). That Decision and Order, which has not been objected to, remains in effect, and plaintiff cannot avoid her obligations thereunder by seeking to withdraw. Id. at 7, n. 5. Therefore, McTyere shall fully comply with the Decision and Order by February 29, 2024. While her attorneys shall take all appropriate measures to ensure that McTyere is personally made aware of the contents of this Decision and Order, she will be bound by their knowledge in any event. *See* Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962) (a party "is considered to have notice of all facts, notice of which can be charged upon the attorney").[3]

At this morning's teleconference, McTyere's attorney asked me what will occur if she does not comply. Without going into detail, suffice it to say that that noncompliance will not be ignored. A further telephonic status conference will be held on March 8, 2024 at 2:00 p.m. To

---

[2] The truth of those allegations is relevant not only to McTyere's status as a member of the purported class (she seeks only to withdraw as named plaintiff, not from the class), but also to the good faith of her attorneys, who made those allegations on her behalf.

[3] Her attorneys have assured me that they "will not seek to withdraw as her counsel unless and until this Court grants [her] request to be dismissed without prejudice and without condition". Nam Declaration [87], ¶19.

-3-

access the teleconference, the parties shall dial 888-808-6929 and enter access code 1533000# sufficiently in advance of the conference.

**SO ORDERED.**

Dated: February 13, 2024

/s/Jeremiah J. McCarthy  
JEREMIAH J. MCCARTHY  
United States Magistrate Judge